UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FREDERICK BANKS, as next friend to EL
CHAPO GUZMAN,

                    Petitioner,

-against-

UNITED STATES OF AMERICA,

                    Respondent.

19-CV-8302 (CM)

BAR ORDER UNDER
28 U.S.C. § 1651

COLLEEN McMAHON, Chief United States District Judge:

       Petitioner Frederick Banks filed this *pro se* motion "as next friend to El Chapo Guzman." On September 24, 2019, the Court determined that Petitioner Banks did not have standing to bring this motion on behalf of El Chapo Guzman and dismissed the motion without prejudice to any petition El Chapo Guzman may seek to file.

       The Court noted that Petitioner Banks has a history of filing frivolous or meritless lawsuits in federal courts. He is already barred under 28 U.S.C. § 1915(g) from filing any new civil action *in forma pauperis* while he is a prisoner. *See, e.g., Banks v. Tibco*, ECF 1:14-CV-5270, 4 (S.D.N.Y. Oct. 15, 2014) (noting Petitioner Bank's litigation history and that he is barred under § 1915(g)). Additionally, the Hon. Loretta A. Preska warned Petitioner Banks that the continued filing of frivolous or meritless lawsuits on behalf of himself or others would result in an order barring him, under 28 U.S.C. § 1651, from filing any new action in this Court without prior permission, *see Banks v. Named Warden, Orange Cnty. Jail*, ECF 1:16-CV-0563, 3 (S.D.N.Y. Mar. 30, 2016), and she also barred Petitioner Banks from filing any future submissions on behalf of Bernie Madoff, *see Banks v. United States*, ECF 1:14-CV-7574, 5 (S.D.N.Y. Oct. 31, 2014).

The Court therefore ordered Petitioner Banks to show cause by declaration why he should not be barred from filing any further vexatious, frivolous, or nonmeritorious litigation in this Court IFP, on behalf of himself or others, without first obtaining permission from this Court to file the action. Petitioner Banks filed a declaration on October 11, 2019.

Petitioner Banks asserts that he does not recall receiving Judge Preska's March 30, 2016 warning. (ECF No. 3 at 1.) He further asserts that because El Chapo Guzman's case was in the United States District Court for the Eastern District of New York, the motion should be transferred to that district because this Court does not have jurisdiction. (*Id.* at 2.) Petitioner Banks suggests that instead of denying the motion, this Court should contact El Chapo Guzman, to ask if he would like to proceed with the motion. (*Id.*) Petitioner Banks also asserts that the Court's September 24, 2019 order violates due process because it was not served by the United States Marshal and because the judge's official seal was not affixed to the order. (*Id.*) Petitioner Banks' arguments against imposing the bar order are meritless.

**CONCLUSION**

The Court bars Petitioner Banks from filing any further vexatious, frivolous, or nonmeritorious litigation in this Court IFP, on behalf of himself or others, in this Court unless he first obtains permission from this Court to do so. *See* 28 U.S.C. § 1651. Petitioner Banks must attach a copy of his proposed litigation and a copy of this order to any motion seeking leave to file. The motion must be filed with the Pro Se Intake Unit of this Court. If Petitioner Banks violates this order and files an action without filing a motion for leave to file, the Court will dismiss the action for failure to comply with this order.

Petitioner Banks is further warned that the continued submission of vexatious, frivolous, or otherwise nonmeritorious documents in this case may result in the imposition of additional sanctions, including monetary penalties. *See id.* The Clerk is directed to close this action.

The Clerk of Court is directed to accept no further documents in this action other than those directed to the United States Court of Appeals for the Second Circuit.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 29, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge